# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

FRANCISCO XAVIER SENDRA-FIGUEROA,

Plaintiff,

v.

CIVIL NO.: 17-2096 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## OPINION AND ORDER

Pending before the court is Francisco Xavier Sendra-Figueroa's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for child disability benefits. Plaintiff—who applied for disability alleging schizophrenia, depression, anxiety, and multiple sclerosis—challenges the administrative law judge's decision with regard to step three of the sequential process.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an application for child disability benefits, which provide for the payment of a disabled child's benefits if the child is 18 years or older and has a disability that began before attaining age 22. 20 C.F.R. § 404.350(a)(5). Plaintiff alleged that on April 1, 2003 ("the onset date"), he became unable to work due to disability. Tr. 505.[1] He had not attained age 22 as of April 1, 2003. Tr. 25. He has no past relevant work. Tr. 31. The claim was denied on May 14, 2013, and upon reconsideration. Tr. 102, 106. Thereafter, Plaintiff requested a hearing, which was held on May 14, 2015, June 29, 2015, and September 3, 2015 before Administrative Law Judge Gregui Mercado (hereafter "the ALJ"). Tr. 47, 68, 72. On December 1, 2015, the ALJ

---
[1] "Tr." refers to the transcript of the record of proceedings.

issued a written decision finding that Plaintiff was "not disabled as defined in section 223(d) of the Social Security Act prior to January 20, 2005, the date he attained age 22." Tr. 41. Thereafter, Plaintiff requested review of the ALJ's decision. Tr. 1. Plaintiff's request for review was denied by the Appeals Council, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Tr. 1–3. Plaintiff filed a complaint on August 16, 2017. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 12; 15.

## II. LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg

v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether the plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that the plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether the plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that the plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

## III. THE ALJ'S DETERMINATION

In the case at hand, the ALJ found in step one of the sequential process that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, April 1, 2003. Tr. 25. At step two, the inquiry as to severe impairments resulted in the ALJ determining that Plaintiff had bipolar disorder and "substance use disorder." Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 26. Next, the ALJ determined, based on all of Plaintiff's impairments, including his "substance use disorder," that Plaintiff had

> the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant retained the capacity to understand, remember, and follow through with repetitive, routine, and simple work-related instructions and tasks. He retained the capacity to adjust to changes in routine work settings in the performance of simple tasks; maintain adequate attention and concentration spans for at least two 2-hour intervals in an 8-hour workday in the performance of simple, repetitive and routine tasks; never interact directly with the general public, but frequently interact with co-workers and supervisors. Due to DAA, the claimant lacked the capacity to comply with the attendance requirements and the production quotas of a competitive work environment, throughout a workday or workweek.

Tr. 29. At step five, the ALJ determined, based on all of Plaintiff's impairments, including his "substance use disorder," that there were no jobs existing in the national economy that Plaintiff could perform. Tr. 32.

In the past, the conclusion of the five-step process ended the inquiry. Brown v. Apfel, 71 F. Supp. 2d 28, 35 (D.R.I. 1999). However, in 1996, Congress amended the Social Security Act to preclude a finding of disability if alcoholism or drug addiction is a contributing factor *material*

5

to the determination that the individual is disabled. Id. Thus, if the ALJ bases his finding of disability on alcoholism or drug addiction, he must make a materiality determination. Id. The key factor to be considered is whether the plaintiff would still be disabled absent the drug addiction or alcoholism. Id.

Accordingly, the ALJ determined that had Plaintiff stopped the substance use, he would have had the same RFC, except he would have maintained the capacity to comply with the attendance requirements and production quotas of a competitive work environment throughout a workday or workweek. Tr. 34. The ALJ then presented these RFC limitations to a vocational expert. The vocational expert testified that an individual would be able to perform the requirements of the following representative occupations: hand worker, can filling and closing machine operator, and housekeeping. Tr. 39. Because Plaintiff's "substance use disorder" was a contributing factor material to the determination of disability, the ALJ concluded that he is not disabled. Id.

## IV. ANALYSIS

Plaintiff challenges the ALJ's decision with regard to step three of the sequential process. First, Plaintiff argues that the medical expert, Dr. Annette De Paz Ortiz, had a conflict of interest because she "works for the Disability Determination Services (DDS) and or the Disability Processing Unit (DPU) while also serving as a medical advisor helping ALJs review DDS-DPU determinations for The Office of Disability and Adjudication Review (ODAR), now, The Office of Hearing Operations (OHO)." ECF No. 12, at 4–5. However, Plaintiff failed to object to Dr. Paz Ortiz's testimony on this basis at the hearing. Instead, Plaintiff, through counsel, stated his belief that Dr. Paz Ortiz had worked on his case at the lower administrative levels. Tr. 51. ("[W]e do put a mark regarding the fact that we have a possible problem with – conflict – in the

fact that [Dr. Paz Ortiz] is working the same . . . the lower levels in these proceedings."). Plaintiff waived the argument that Dr. Paz Ortiz should have been disqualified because she opines on initial claims for the San Juan Disability Processing Unit due to his failure to object on this basis at the hearing. See Meza v. Colvin, No. 2:14-CV-00452-EJF, 2015 WL 5773751, at *6 (D. Utah Sept. 30, 2015) (finding that Plaintiff waived the argument that the ALJ improperly relied on the medical expert's testimony by failing to object to the testimony during the hearing).

Second, Plaintiff argues that the ALJ did not rule on his objection to Dr. Paz Ortiz's testimony. Plaintiff is correct that the ALJ did not state that he had overruled the objection either at the hearing or in his written opinion. However, the ALJ permitted Dr. Paz Ortiz to testify at the hearing and relied on her testimony in his written opinion. Thus, he impliedly rejected Plaintiff's grievances. Plaintiff has not cited to any case law indicating that the ALJ's failure to discuss his specific analysis of an objection constitutes reversible error. See Brault v. Soc. Sec. Admin., Com'r, 683 F.3d 443, 448 (2d Cir. 2012) ("There is no question that the ALJ, in his written ruling, did not mention Brault's objection to the [vocational expert]'s testimony. In accepting that testimony, the ALJ necessarily rejected Brault's grievances, but Brault argues this implied rejection was insufficient . . . . Assuming the ALJ had to consider Brault's objection to the [vocational expert]'s testimony, we are satisfied that he did so. There is no requirement that the ALJ discuss his specific analysis of it.").

Third, Plaintiff argues that Dr. Paz Ortiz's "diagnosis" of his "substance use disorder" "violates the Medical Advisor polices." ECF No. 12, at 5. Plaintiff does not cite to these policies and explains neither what they are, nor how Dr. Paz Ortiz's testimony violated them. Indeed, the portion of the record that Plaintiff cites to in support of this argument does not involve Dr. Paz Ortiz diagnosing him with "substance use disorder." Tr. 26. Plaintiff also argues that Dr. Paz

7

Ortiz's "material finding" regarding his "substance use disorder" "was contrary to the preponderance of the rest of the medical evidence." ECF No. 12, at 8. Again, Plaintiff specifies neither what part of Dr. Paz Ortiz's testimony he is objecting to, nor how her testimony was contrary to any medical evidence. Plaintiff fails to make any developed argument concerning Dr. Paz Ortiz's testimony. Accordingly, this issue is deemed waived. See Figueroa-Perea v. Comm'r of Soc. Sec., 78 F. App'x 134, 135 (1st Cir. 2003) (quoting F.D.I.C. v. LeBlanc, 85 F.3d 815, 820 (1st Cir. 1996) ("[C]laimant fails to make any developed argument concerning the decision of the administrative law judge (ALJ) that the pain did not amount to a significant nonexertional impairment. As we have warned, 'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [will be] deemed waived.'").

**V.    CONCLUSION**

Based on the foregoing analysis, the court concludes that the decision of the Commissioner was based on substantial evidence. Therefore, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of September, 2019.

s/Marcos E. López
U.S. Magistrate Judge
